OPINION of the Court, by
Cb. J. Boyle.
The only material question to be decided in this case is, whether a note or bond may be assigned on a separate instrument, so as to authorize an action in the name of the assignee.
The right of assigning or transferingthe dominion or property which a man has in things, whether in possession or action, is a natural right, the exercise oí which, however, like the exercise of other natural rights, is subject to the regulation of the institutions of civil society. With respect to personal property in possession, the right of assigning or transfering it was left by the common law without restrictions, and the assignment might be made in any manner which would evidence the assent of the proprietor. But the common law, suitably to the genius of the times in which it had its origin, prohibited the assignment of a chose in action, lgst litigiousness should thereby be encouraged. In process of time, however, the rule of the common law with respect to the assignment of choses in action was found to operate inconveniently, and to be ill accommodated to the change which commerce had produced in the habita and manners of society. The legislature, therefore, by an act passed as early as 1748, made bands and notes for money or tobacco assignable, and authorised an ac *84 tion to be brought in the name of the assignee ; and hy. subsequent acts placed bonds and notes for the payment of property upon the same grounds. But neither in the law of i 748, nor in those of subsequent periods, has the legislature prescribed the manner in which assignments shall be made. As the assignment of things assignable at common law could be made upon a distinct and separate instrument from that which evidenced the right of the proprietor, and as the statutes making bonds and notes assignable have not restricted the assignment to any particular mode, it seems to follow conclusively that the assignment of a bond or note may be made upon a separate instrument, so as to authorize an action in the name of the assignee.
We are aware that bills of exchange could be transferred only by endorsement, which ex vi termini means an assignment on the back of the instrument. But this depends not upon the common law, but upon the lex jnercataria, founded on the custom of merchants ; and it Is surely much more rational to refer to the common law than to the mercantile law, for the meaning of the legislature, more especially as the legislature have not used the mercantile term endorsement, but the common law term assignment. An assignment is the genus, endorsement a species. The former includes the latter,, but it also includes every other species ; and it would be as absurd to suppose, when the legislature speak of a genus, that their meaning was to be confined to a particular species, as when they speak of a species that their meaning was to be restricted to some individual belonging to the species. We cannot therefore upon any principle of construction presume that the legislature, in making bonds and notes transferable by assignment, intended to make them transferable by endorsement only. — —Judgment affirmed.